F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 02 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00706-BNB

ANTHONY BRODZKI,

    Plaintiff,

v.

CHIEF OF THE COLORADO STATE PATROL,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Anthony Brodzki, initiated this action on March 21, 2011 by filing *pro se* a Complaint and an "Application to Proceed without Prepayment of Fees and Affidavit." In a March 30, 2011 Order, the Court directed him to cure a deficiency in his pleadings within thirty days. Mr. Brodzki filed his § 1915 Motion and Affidavit on the court-approved form and filed an amended complaint asserting constitutional claims pursuant to 42 U.S.C. § 1983 on April 18, 2011. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court will construe the Amended Complaint liberally because Mr. Brodzki is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Complaint and has determined that it is deficient. Mr. Brodzki therefore will be directed to file a second amended complaint for the reasons discussed below.

Mr. Brodzki alleges in his amended complaint that unidentified Colorado State Patrol (CSP) officers have violated his First, Fourth, Fifth, Ninth and Fourteenth Amendment rights by calling him on his cell phone repeatedly and telling him to leave the state because he is an unconvicted felon. He further alleges that these individuals are transmitting loud noise from the dispatcher and other CSP service equipment over his cell phone as another form of harassment. Mr. Brodzki requests an award of several million dollars in compensatory damages and that the CSP be enjoined from any further harassment.

Mr. Brodzki fails to allege specific facts to establish that the Defendant Chief of the CSP personally participated in the alleged deprivations of his constitutional rights. In order to state a claim in federal court, Mr. Brodzki "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Brodzki is advised that personal participation by a named defendant is an essential allegation in a civil rights action. *See **Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Brodzki must therefore show that each named Defendant caused the deprivation of a federal right. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985).

Mr. Brodzki cannot hold a supervisor such as the Chief of the CSP liable merely because of his supervisory position. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only

liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson,** 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman,** 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Accordingly, it is

ORDERED that Plaintiff, Anthony Brodzki, file **within thirty (30) days from the date of this order,** a second amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brodzki, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Brodzki fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and this action will be dismissed without further notice.

DATED at Denver, Colorado, this 2nd day of May, 2011.

BY THE COURT:

                              *s/Craig B. Shaffer*
                              CRAIG B. SHAFFER
                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00706-BNB

Anthony Brodzki
6900 Herman Jared Dr
North Richmond Hills, TX 76182

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on May 2, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                              Deputy Clerk