```
                                                    FILED
                                              UNITED STATES DISTRICT COURT
                                                   DENVER, COLORADO

      IN THE UNITED STATES DISTRICT COURT          JUN 16 2011
         FOR THE DISTRICT OF COLORADO
                                              GREGORY C. LANGHAM
                                                                CLERK
```

Civil Action No. 11-cv-00706-BNB

ANTHONY J. BRODZKI,

    Plaintiff,

v.

CHIEF OF THE COLORADO STATE PATROL,
DENVER, and
JOHN PUMO,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Anthony J. Brodzki, initiated this action on March 21, 2011, by filing *pro se* a Complaint and an "Application to Proceed without Prepayment of Fees and Affidavit." In an Order dated March 30, 2011, the Court directed him to cure within thirty days a deficiency in his pleadings. Mr. Brodzki filed his § 1915 Motion and Affidavit on the court-approved form and filed an amended complaint asserting constitutional claims pursuant to 42 U.S.C. § 1983 on April 18, 2011. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court reviewed the amended complaint and determined that it was deficient because Mr. Brodzki failed to allege the personal participation of the Defendant Chief of the CSP in the alleged deprivations of Plaintiff's constitutional rights. The Court therefore entered an Order on May 2, 2011 directing Mr. Brodzki to file a second amended complaint. On May 6, 2011, Plaintiff filed a [second] amended complaint against the Chief of the Colorado State Patrol and Denver. *See* Doc. No. 8. On May

26, 2011, Mr. Brodzki filed another amended complaint, which purports to amend, but not supercede, the second amended complaint filed on May 6, 2011. The May 26 amendment adds Defendant John Pumo to the action. *See* Doc. No. 9.

The Court will construe the second amended complaint and the May 26, 2011, amendment liberally and together because Mr. Brodzki is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the pleadings reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Brodzki has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A claim is factually frivolous if it depicts "fantastic or delusional scenarios," *Nietzke*, 490 U.S. at 328, where "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below, the second amended complaint, as amended

on May 26, 2011, and the action will be dismissed as frivolous.

Mr. Brodzki alleges in his first amended complaint (Doc. No. 4) that unidentified Colorado State Patrol (CSP) officers have violated his First, Fourth, Fifth, Ninth and Fourteenth Amendment rights by calling him on his cell phone repeatedly and telling him to leave the state because he is an unconvicted felon. He further alleges that these individuals are transmitting loud noise from the CSP dispatcher and other CSP service equipment over his cell phone as another form of harassment. These allegations, construed in the light most favorable to Mr. Brodzki, are not incredible on their face. Accordingly, the Court reviewed the amended complaint and did not find it to be factually frivolous. Nevertheless, the Court determined that the pleading was deficient because Mr. Brodzki failed to allege the personal participation of the Defendant Chief of the CSP in an alleged deprivation of Plaintiff's constitutional rights. The Court therefore directed Mr. Brodzki to file a second amended complaint. *See* May 2, 2011, Order.

In his second amended complaint (Doc. No. 8), as amended by Doc. No. 9, Mr. Brodzki sues both the Chief of the CSP and Denver (the City and County of Denver) for the alleged unconstitutional harassment. However, Plaintiff does not assert any specific facts to show personal participation by the Chief of the CSP in the alleged harassment by unidentified CSP officers. Mr. Brodzki was warned in the May 2 Order that personal participation by a named defendant is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Mr. Brodzki was further warned that he cannot hold a supervisor such as the Chief of the CSP liable merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v.*

*Heggy*, 703 F.2d 479, 483 (10th Cir. 1983); ***Dodds v. Richardson,*** 614 F.3d 1185, 1199 (10th Cir. 2010) (a supervisor is only liable for a constitutional violation that he or she has caused). Mr. Brodzki does not allege any facts in the second amended complaint which tend to show an affirmative link between the alleged harassment and Defendant Chief of the CSP's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993); ***Richardson***, 614 F.3d at 1200-1201. Instead, he makes a conclusory assertion that "I named the chief of your highway patrol because he . . . allow[ed] his police, and lesser police agencies to contribute to my civil rights problems." Doc. No. 8, at 7. This allegation is insufficient to impose liability under § 1983. Because Plaintiff has failed to allege the Defendant's personal participation in the alleged constitutional violations, the Defendant Chief of the CSP is an improper party to this action.

With regard to new Defendants the City and County of Denver and John Pumo, Plaintiff's allegations against those Defendants are deficient as well. Generally, a ***pro se*** litigant should be afforded an opportunity to remedy any defects in his pleadings. ***See Hall***, 935 F.2d at 1110. However, for the reasons discussed below, the Court finds that giving Mr. Brodzki another opportunity to amend his pleading to cure those deficiencies would be pointless at this juncture.

Mr. Brodzki includes significant background allegations in the second amended complaint (Doc. No. 8) that have assisted the Court in clarifying that his claims against all of the Defendants are factually frivolous and do not warrant further review. Mr. Brodzki states that in 1968, when he was seven years old, he was "hooked . . . up to police disorientation equipment" and molested by Chicago law enforcement personnel

4

for two years. *Id.* at 3. Plaintiff alleges that in 2007 while living in Nevada he discovered that he was "living among his rapist," but law enforcement officials did not care. *Id.* at 5. He further alleges that he is "suing certain[ ] police like the Chicago police department and the justice department for women having sex with me looking like one woman" because "cops go under cover, and the[y] change their looks." *Id.* Mr. Brodzki states that in 2007, U.S. Marshals in Nevada transmitted sound into his condo through neurophonic dispatch equipment to disturb his sleep at night in a concerted effort to force him to leave the state. *Id.* at 5-6. He further alleges that at some point, a mail carrier "knock[ed] on his door, smirk[ed] and sa[id], isn't this what happened to you as a kid?" *Id.* at 6. Plaintiff eventually left Nevada and moved to Texas, where the harassment continued and forced him to flee to Wisconsin. *Id.* at 6-7. At one campground in Wisconsin, Mr. Brodzki was "shrieked out" by the dispatch equipment. *Id.* at 7. According to Plaintiff, law enforcement officers in every state are participating in the harassment program initiated against him by the Chicago officers who raped him in the 1960's, including the Chief of the Colorado State Patrol and the Denver police department. *Id.* at 7-9. The Court notes, however, that in the original Complaint, Mr. Brodzki asserts that law enforcement officers are harassing him because they believe that he is an unconvicted pedophile. **See** Doc. No. 1. Plaintiff alleges in the May 26 amendment, which is largely illegible, that Defendant John Pumo, an electrical engineer for Motorola, designed the equipment used by law enforcement officers to harass him and that Pumo has participated in the harassment of Plaintiff in Colorado via computer. **See** Doc. No. 9. Plaintiff seeks a permanent injunction to stop the harassment and requests monetary relief.

Mr. Brodzki appears to have presented his best case to the Court, albeit in four separate filings (Doc. Nos. 1, 4, 8 and 9). Construing all of Plaintiff's filings liberally and together, the Court finds that the allegations are "fanciful, fantastic and delusional" and do not show an arguable constitutional deprivation. His allegations, when considered *in toto*, are similar to those that courts have rejected in the past as too incredible to believe. *E.g., **Gladney v. Pendleton Correctional Facility***, 302 F.3d 773, 774 (7th Cir. 2002) (affirming dismissal of complaint in which plaintiff alleged that "on numerous occasions over a span of three years unnamed guards at three different prisons unlocked the door to the plaintiff's cell while he was asleep, allowing inmates to come in and drug and sexually assault him");*Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (affirming dismissal of complaint in which plaintiff alleged that the United States and China conspired to "bio-chemically and bio -technologically infect and invade" various people including plaintiff with mind reading and mental torture device); ***Manco v. Does***, 363 F. App'x 572, 575 (10th Cir. 2010) (affirming dismissal as frivolous plaintiff's claim that numerous state officials monitor his thoughts and send him inaudible, profane messages through a tracking device implanted in his body). Accordingly, Plaintiff's second amended complaint, as amended, will be dismissed as "factually frivolous," pursuant to 28 U.S.C. § 1915(e)(2)(B), since his allegations are "clearly baseless." **See Denton,** 504 U.S. at 33–34.

Furthermore, Mr. Brodzki has a history of filing frivolous lawsuits. According to the federal judiciary's electronic docketing system (PACER), Plaintiff has filed eighty-seven civil lawsuits and ten appeals in federal court since 2009, many of which involve allegations similar to those alleged in this case. ***E.g., Brodzki v. Weiss,*** No. CV-11-

00032-M-DWM-JCL, 2011 WL 772393, at *2 (D. Mont. Feb. 25, 2011) (allegations that Sheriff of Las Vegas used techniques causing sleep problems, sweating, heavy breathing, and a "general feeling of torture" to throw him out of his condo, that he was molested by law enforcement in when he was seven years old, and that police department in North Richmond Hills, Texas is using outdated police equipment to torture him day after day are "fantastic, delusional, irrational, and frivolous"); *Brodzki v. Texas*, Nos. A-11-CA-223-SS, A-11-337-SS, 2011 WL 217365 (W.D. Tex. June 2, 2011) (alleging that mayor of North Richland Hills is electronically harassing him by implementing police dispatch equipment to spy on his thoughts and physically hurt him, and that mayor "distorts [his] sleep, by ordering state medical workers to use the disorientation equipment first used in Nevada, . . . to keep [him] from sleeping"); *Brodzki v. FBI–Dallas*, No. 3:09-CV-2108-B, 2009 WL 4906877, at *3 (N.D. Tex. Dec. 18, 2009) (asking for writ of mandamus "to compel the FBI to turn off electronic equipment installed in Nevada"); *Brodzki v. Fox News*, No. 10-796-SLR, 2010 WL 5150202, at *2 (D. Del. Dec. 10, 2010) (alleging that television broadcasters on multiple occasions "singled plaintiff out and insulted him" and "made references to tortious events committed against plaintiff in his youth").

Mr. Brodzki has a demonstrated pattern of filing frivolous lawsuits in the federal district courts. The Court has reviewed the first fifty civil district court cases listed on PACER for Anthony Brodzky. Twenty-one of those cases have been dismissed as frivolous. *See* www.pacer.uscourts.gov. The Court further notes that the District Court for the Northern District of Illinois has issued a vexatious litigant order against Mr. Brodzki. *See In Re: Anthony J. Brodzki*, No. 1:10–CV–04591 (Order dated July 23,

2010). In addition, monetary sanctions were imposed on Mr. Brodzki in the District Court for the Northern District of Texas based upon his history of submitting multiple frivolous lawsuits. *See Brodzki v. North Richland Hills Police Department*, No. 3:10-CV-0539-P-BH, 2010 WL 1685799 (N.D. Tex. 2010) (collecting cases). The docket reflects that Brodzki never paid that sanction.

Mr. Brodzki is warned that a pattern of groundless and vexatious litigation may justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). If Mr. Brodzki files more frivolous lawsuits in this Court, the Court will consider imposing restrictions on his ability to file. A litigant is entitled to notice and an opportunity to oppose, in writing, the imposition of any future restrictions. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). Accordingly, it is

ORDERED that the second amended complaint (Doc. No. 8), as amended (Doc. No. 9), and this action are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this __16th__ day of ____June____, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00706-BNB

Anthony J Brodzki
6900 Herman Jared Dr
North Richmond Hills, TX 76182

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 16, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk