IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00706-LTB

ANTHONY J. BRODZKI,

    Plaintiff,

v.

CHIEF OF THE COLORADO STATE PATROL,
DENVER, and
JOHN PUMO,

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Plaintiff, Anthony J. Brodzki, filed *pro se* a "Motion to . . . [R]eopen the [C]ase . . ." (Doc. #13), on January 13, 2012.  Mr. Brodzki asks the Court to reconsider the June 16, 2011 Order of Dismissal.  The Court must construe Plaintiff's filings liberally because Mr. Cain is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court thus will construe Mr. Brodzki's motion liberally as a motion for reconsideration.  The motion will be denied for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Brodzki filed the motion for reconsideration more than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action.

The Court, therefore, finds that the motion for reconsideration is filed pursuant to Rule 60(b).  *Id.*; *see also* Fed. R. Civ. P. 59(e).

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations and citations omitted). The grounds justifying relief from a final judgment are set forth in Fed. R. Civ. P. 60(b).  Upon review of the motion for reconsideration and the entire file, the Court concludes that Mr. Brodzki fails to demonstrate that any ground justifying relief from the judgment exists in his case.

Mr. Brodzki filed multiple amended pleadings in this case.  He alleged in his first amended complaint (Doc. No. 4), filed on April 18, 2011, that unidentified Colorado State Patrol (CSP) officers have violated his First, Fourth, Fifth, Ninth and Fourteenth Amendment rights by calling him on his cell phone repeatedly and telling him to leave the state because he is an unconvicted felon.  He further alleged that these individuals were transmitting loud noise from the CSP dispatcher and other CSP service equipment over his cell phone as another form of harassment.  United States Magistrate Judge Craig B. Shaffer reviewed the first amended complaint and found that Mr. Brodzki's allegations, construed liberally, were not incredible on their face.  Nonetheless, Magistrate Judge Shaffer determined that the pleading was deficient because Mr. Brodzki failed to allege the personal participation of the Defendant Chief of the CSP in an alleged deprivation of Plaintiff's constitutional rights.  Magistrate Judge Shaffer therefore directed Mr. Brodzki to file a second amended complaint.  *See* May 2, 2011 Order.  Mr. Brodzki filed a [second] amended complaint against the Chief of the CSP I and Denver on May 6, 2011 (Doc. # 8).  On May 26, 2011, Mr. Brodzki filed an

amendment adding Defendant John Pumo to the action (Doc. #9).  The Court reviewed the second amended complaint and May 26, 2011 amendment and found that Mr. Brodzki failed to assert any specific facts to show personal participation by the Chief of the CSP in the alleged harassment by unidentified CSP officers.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (personal participation in the alleged constitutional deprivation is an essential element of a 42 U.S.C. § 1983 claim); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) (a supervisor is only liable for a constitutional violation that he or she has caused).  The Court further reviewed Plaintiff's factual allegations against the City of Denver and John Pumo in detail and found them to be factually frivolous, pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B).  As such, the entire action was dismissed as frivolous.

In his motion for reconsideration, Mr. Brodzki simply repeats the same or similar factual allegations that the Court found to be factually frivolous in the order of dismissal. Mr. Brodsky has therefore failed to demonstrate exceptional circumstances that would warrant relief from the June 16, 2011 dismissal order.  *See Servants of the Paraclete*, 204 F.3d at 1009.   Accordingly, it is

ORDERED that the "Motion to . . .[R]eopen the [C]ase . . ." (Doc. #13), filed on January 13, 2012, which the Court construes liberally as a motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b), is DENIED.

Dated at Denver, Colorado this  19th  day of   January  , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court